IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JERRY N. BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil No. 16-03187-CV-S-ODS |
| ) | Crim. No. 05-3166-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND,

Pursuant to the parties' supplemental briefing related to Petitioner's Motion to Alter or Amend (Doc. #12), the Court finds Petitioner is not entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## I.     BACKGROUND

### A. Criminal Proceeding

In August 2007, Petitioner entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Ordinarily, the offense of being a felon in possession of a firearm carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the Armed Career Criminal Act ("ACCA") requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 922(e)(1).

A presentence investigation report ("PSR") was prepared, finding Petitioner had three qualifying prior convictions of burglary, manufacturing marijuana, and first degree sexual abuse that triggered a minimum sentence of fifteen years under the ACCA's "violent felony" provision. Based upon the ACCA enhancement, Petitioner faced a statutory mandatory minimum sentence of fifteen years. 18 U.S.C. § 922(e)(1). In December 2007, Petitioner was sentenced to 180 months' imprisonment and five years of supervised release. On appeal, the Eighth Circuit affirmed Petitioner's sentencing. *United States v. Brown*, 323 F. App'x 479 (8th Cir. 2009).

B.  <u>Habeas Proceeding</u>

Petitioner, initially proceeding pro se, instituted this matter by filing a motion to correct sentence under 28 U.S.C. § 2255, which was amended once he was represented by counsel. Doc. #1; Doc. #5. Petitioner sought resentencing pursuant to *Johnson v. United States*, which held the ACCA residual clause was unconstitutional.[1] The only argument before this Court when it decided Petitioner's amended motion to correct his sentence was whether Petitioner's Missouri conviction for sexual assault in the first degree was a predicate offense under ACCA. Doc. #5. The Court determined that particular issue was decided by the Eighth Circuit on direct appeal. Case No. 05-CR-31660-ODS-1 (Doc. #79) (citing *United States v. Brown*, 323 F. App'x 479 (8th Cir. 2009)). Petitioner was barred from religitating the same issue in a motion to vacate. *Id.*

On September 6, 2016, Petitioner, through his counsel, filed a motion to alter or amend the Court's judgment. Doc. #12. Thereafter, Petitioner, on his own, filed a "supplement" to his counsel's motion, asking the Court to consider whether his "Missouri burglary" conviction was an ACCA qualifying offense. Doc. #13. Respondent's opposition to the motion to alter or amend did not address the argument raised by Petitioner's supplement. Doc. #15. Likewise, in the reply, Petitioner's counsel did not address Petitioner's pro se argument but offered to provide supplemental briefing on the issue. Doc. #16.

On October 17, 2016, the Court denied Petitioner's motion to alter or amend. Doc. #17. But the Court noted Petitioner's pro se argument that his burglary conviction did not qualify as an ACCA predicate offense. *Id.*, at 2. In the interest of achieving a just result, the Court directed the parties to file supplemental briefs addressing whether Petitioner's Missouri burglary conviction qualifies as an ACCA predicate offense. *Id.* On November 2, 2016, both parties filed their briefs and supporting documents. Doc. #18; Doc. #19. On November 30, 2016, the Court directed the parties to submit

---

[1] According to ACCA, a "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion constitutes the "residual clause" held unconstitutional in *Johnson*.

2

Case 6:16-cv-03187-ODS   Document 27   Filed 02/22/17   Page 2 of 5

additional briefing, noting the parties predicated their analyses on the current Missouri burglary statutes, not the statute under which Petitioner was convicted. Doc. #20. On December 21, 2016, the parties submitted their supplemental briefs. Doc. #21; Doc. #22.

On January 10, 2017, the Court noted no documentation associated with Petitioner's burglary conviction was filed, and directed the Probation Office to file said documentation. Doc. #23. On January 18, 2017, the Information, Complaint, Sentence and Judgment, and other related documents were filed. Doc. #24. The Court invited the parties to provide supplemental briefing based upon the filed documentation. Doc. #23. On February 8, 2017, the parties filed their supplemental briefs. Docs. #25, 26. Whether Petitioner's Missouri burglary conviction is an ACCA predicate offense is now ripe for consideration.

## II.  DISCUSSION

"To determine whether a past conviction qualifies as a violent felony, we apply the 'categorical approach,' under which we 'look only to the fact of conviction and the statutory definition of the prior offense." *United States v. Sykes*, 844 F.3d 712, 715 (8th Cir. 2016) (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)). If the statute lists elements in the alternative, the court may apply the modified categorical approach, under which the court may look at a limited class of documents to determine "what crime, with that elements, a defendant was convicted of." *Id.* (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)).

Burglary is one of the enumerated violent felonies under 18 U.S.C. § 924(e)(2)(B). In 1977, Missouri had several burglary statutes. The Complaint charged Petitioner, on or about December 8, 1977, "did wilfully, unlawfully, feloniously, and burglariously, forcibly break and enter a building to wit: the Oregon County R-IV School District high school building…with the felonious and burglarious intent to steal, take, and carry away certain goods, wares, merchandise, or personal property then and there kept in said building…and to convert same to his own use." Doc. #24, at 2. The Complaint listed sections 560.070 through 560.110 of the Missouri Revised Statutes. *Id.*

3

Section 560.070, in effect at the time of Petitioner's crime, provided the following:

> Every person who shall be convicted of breaking or entering any building, the breaking and entering of which shall not be declared by any statute of this state to be burglary in the first degree, or any booth or tent, or any boat or vessel, or railroad car in which there shall be at the time any human being or any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit the crime therein, shall on conviction be adjudged guilty of burglary in the second degree.

Mo. Rev. Stat. § 560.070 (1969). Section 560.080 states persons shall be convicted of "breaking and entering any vacant building, in which there shall be no human being, and in which there shall be no goods, wares, merchandise or other valuable things kept, and shall take or attempt to take… any lead pipe, brass or copper, or any other valuable thing attached to or being part of the building with the intent to steal or to commit any felony therein…." *Id.*, § 560.080 (1969).[2] The parties seem to agree Petitioner was charged and convicted under section 560.070. *See* Doc. #25, at 4-6; Doc. #26, at 1. Given the language contained in the Complaint and the statutory language, the Court subscribes to the parties' view.

The question before this Court is whether section 560.070 contains the elements of generic burglary. An offense constitutes burglary under 18 U.S.C. § 924(e)(2)(B) if it contains the elements of generic burglary, which is defined as unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Sykes*, F.3d at 715 (quoting *Taylor*, 495 U.S. at 598). "Any enhanced sentence under § 924(e) for a prior burglary conviction must rest on a showing that [the] prior conviction necessarily involved…facts equating to generic burglary." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005) (internal quotations omitted)).

---

[2] The other statutes contained in the Complaint are not instructive to the Court's analysis. *See* Mo. Rev. Stat. § 560.075 (1969) (setting forth the crime of burglary involving a bank building); Mo. Rev. Stat. § 560.085 (1969) (breaking out of a dwelling house is not a burglary, unless otherwise specified by another statute); Mo. Rev. Stat. § 560.095 (1969) (listing punishment for burglary); Mo. Rev. Stat. § 560.100 (1969) (defining burglary with explosives); Mo. Rev. Stat. 560.105 (1969) (providing penalty for burglary with explosives); Mo. Rev. Stat. § 560.110 (1969) (addressing joint prosecution for burglary and stealing). Section 560.090 indicates the breaking into a schoolhouse is a misdemeanor; however, the Complaint charged Petitioner with a felony. Thus, section 560.090 is inapplicable to the Court's analysis.

4

Recently, the Eighth Circuit shed light on this particular issue by examining Missouri's current second degree burglary statute, section 569.170. *Sykes*, 844 F.3d at 715. According to that statute, a person commits second degree burglary when "he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170 (1979). The Eighth Circuit found that statute conforms to the elements of generic burglary because the statute contains at least two alternative elements: burglary of a building, and burglary of an inhabitable structure. *Sykes*, 844 F.3d at 715. The Eighth Circuit concluded "because burglary of 'a building' describes an element of second-degree burglary rather than a means, our decision does not run afoul of *Mathis*." *Id.* (citing *Mathis*, 136 S. Ct. at 2253).

The predecessor burglary statute, at issue here, is similar. It provides several alternative elements: burglary of a building, burglary of a booth or tent, burglary of a boat or vessel, or burglary of a railroad car. Mo. Rev. Stat. § 560.070 (1969). Based upon *Sykes*, these locations are elements, not means, for committing burglary. 844 F.3d at 715. While burglary that includes the unlawful entry of a booth, tent, boat, vessel, or railroad car likely does not constitute generic burglary, burglary that includes the "breaking and entering any building" constitutes generic burglary. Petitioner does not contest he was charged with burglary of a "building." Doc. #24, at 2. Accordingly, the Court finds section 560.070 contains the elements of generic burglary, and Petitioner's second degree burglary conviction fits within the definition of generic burglary for purposes of the ACCA. Thus, Petitioner's motion for relief from his sentence under *Johnson* is denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's request for relief pursuant to *Johnson v. United States* is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 22, 2017                    UNITED STATES DISTRICT COURT